IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL WEAVER,<br><br>      Petitioner,<br><br>  v.<br><br>STEVEN TURLEY,<br><br>      Respondent. | **ORDER TO AMEND DEFICIENT PETITION & MEMORANDUM DECISION**<br><br>Case No. 2:08-CV-746 TC<br><br>District Judge Tena Campbell |

Petitioner, Michael Weaver, an inmate at Utah State Prison, filed a *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2011). The Court ordered Respondent to answer the petition. In the answer, Respondent argued that Petitioner's issues had not been exhausted because of pending appeals in state court. Reviewing the petition now, in light of Respondent's argument and the many supplemental documents submitted by Petitioner, the Court concludes that Petitioner must submit an amended petition.

**Deficiencies in Petition:**

Petition:

(a)      is rendered confusing by Petitioner's provision of further information in the unconventional format of his many supplemental documents.

(b)      should be updated to show the status of his state-court appeals of his state post-conviction application(s).

(c)      has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help

>     Petitioner is entitled to by his institution under the
>     Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356
>     (1996) (requiring prisoners be given "'*adequate* law
>     libraries or *adequate* assistance from persons trained
>     in the law' . . . to ensure that inmates . . . have a
>     reasonably adequate opportunity to file nonfrivolous
>     legal claims challenging their convictions or
>     conditions of confinement") (quoting *Bounds v. Smith*,
>     430 U.S. 817, 828 (1977) (emphasis added)).

(d)   possibly alleges claims regarding Petitioner's conditions of confinement, which would be inappropriately brought in this habeas petition.

### Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se [litigant] requires no special legal training to recount

the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

   Petitioner should consider the following points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original). Second, the petitioner must clearly state whom his custodian is and name that person as the respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be

3

brought under 28 U.S.C.S. § 2241.  Finally, Petitioner should seek help from the prison's contract attorneys with preparing initial pleadings, such as the amended petition ordered here.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above;

(2) the Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition for him to complete, according to the directions; and,

(3) if Petitioner fails to timely cure the above noted deficiencies in accordance with the instructions herein this action will be dismissed without further notice.

DATED this 27th day of October, 2011.

BY THE COURT:

/s/ Tena Campbell
_____
JUDGE TENA CAMPBELL
United States District Court

4